**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

CARLTON HARRISON, on behalf of herself
and others similarly situated,      :

                                     :      CASE NO. 3:24-cv-262-CHB

    Plaintiff,      :

v.      :

HUMANA INC., a Delaware corporation,      :

    Defendant.      :

_____/

**CLASS ACTION COMPLAINT**
**DECLARATORY AND PERMANENT INJUNCTIVE RELIEF REQUESTED**
**DEMAND FOR A JURY TRIAL**

Plaintiff, CARLTON HARRISON ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendant, HUMANA INC. ("Defendant" or "Humana") pursuant to the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. §§ 227(b)(3) and (c)(5). On personal knowledge, investigation of counsel, and on information and belief, Plaintiff alleges as follows:

**<u>NATURE OF ACTION</u>**

1.      Plaintiff brings this action for the purpose of enjoining Defendant's unlawful conduct and obtaining redress for all persons injured by such conduct.

2.      Defendant's unlawful conduct, through itself and its agents, includes negligently, knowingly, and/or willfully initiating more than one telephone call within a 12-month period to residential telephone lines which have been registered on the national do-not-call registry for the

purpose of telephone solicitation (i.e., telemarketing) in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

3.      Defendant's unlawful conduct, through itself and its agents, also includes negligently, knowingly, and/or willfully initiating telephone calls to residential telephone lines using an artificial or prerecorded voice to deliver messages without the prior express consent of the called parties in violation of 47 U.S.C. § 227(b)(1)(B).

4.      Specifically, in 2022 and 2023, Defendant, through itself and its agents, made at least seven telephone calls to Plaintiff's personal cellular telephone using an artificial or prerecorded voice without his prior express consent.

5.      These calls were placed for the purpose of telemarketing designed to sell Defendant's insurance products and services to Plaintiff despite Plaintiff having registered his cellular telephone number on the national do-not-call registry in 2005.

6.      Because telemarketing campaigns – especially those that utilize artificial or prerecorded voices – typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of two proposed nationwide classes consisting of other persons who received similar calls from Defendant.

7.      A class action is the best means of obtaining redress for Defendant's unlawful conduct and is consistent both with the private rights of action afforded by the TCPA in §§ 227(b)(1)(B) and (c)(5) and the fairness and efficiency goals of Fed. R. Civ. P. 23.

## PARTIES

8.      Plaintiff is an individual residing in Montgomery, Alabama.

9.      Defendant is a for profit corporation organized under the laws of Delaware with its principal place of business and headquarters located at 500 West Main Street, Louisville, Kentucky 40202.

## JURISDICTION AND VENUE

10.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings this action pursuant to 47 U.S.C. § 227 *et seq*.

11.     This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in this District.

12.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and is subject to the Court's personal jurisdiction with respect to this action.

## TCPA BACKGROUND

13.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy . . . ." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

A.      Artificial or Prerecorded Voice Calls

14.     Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ." 47 U.S.C. § 227(b)(1)(B).

15.     According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

16.     The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual.  2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

B.      The National Do-Not-Call Registry

17.     47 U.S.C. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

18.     The national do-not-call registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

19.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

20.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the national do-not-call registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2)

## FACTUAL ALLEGATIONS

21.     Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

22.     Defendant is a for-profit health insurance company and is one of the largest health insurance providers in the United States.

4

23.     In furtherance of its marketing efforts, Defendant employs third parties to contact potential customers on its behalf via myriad means, including telemarketing.

24.     At no point has Plaintiff sought out or solicited information regarding Defendant's insurance products prior to receiving the telemarketing calls at issue.

25.     Plaintiff has never consented in writing, or otherwise, to receive prerecorded or artificial telephone calls from Defendant or its agents, or to receive telemarketing calls from Defendant or its agents. Plaintiff has never provided Defendant with his telephone number.

26.     Plaintiff's cellular telephone number, 334-XXX-1979, is a residential telephone line.

27.     Plaintiff added this telephone number to the national do-not-call registry on September 5, 2005.

28.     Despite this, Plaintiff received at least seven telemarketing calls from Defendant and/or its agents between September 8, 2022 and May 9, 2023.

29.     Each of these calls began with a prerecorded message and artificial voice.

30.     Upon information and belief, and upon investigation of counsel, Plaintiff alleges some or all of the seven calls were placed by a third party acting pursuant to a contract with Defendant, as Defendant's agent, for the purpose of soliciting Defendant's insurance plans or services to Plaintiff on behalf of Defendant.

31.     Moreover, this third party used a Caller-ID spoofing function to make it appear the calls were local. Plaintiff's Caller-ID showed a phone number beginning 334-423-XXXX for the first six calls referenced above, matching Plaintiff's personal cellular telephone's area code. Spoofing phone numbers to appear local is a frequent technique by telemarketers used to increase

the chances that the call is answered by consumers, tricking them into thinking that they are getting a local call.

32.     Specifically, on September 8, 2022 Plaintiff received a call from telephone number 334-423-9532 which began with a prerecorded message and artificial voice. The voice claimed it was calling from "Senior Benefits," a very generic name, and asked Plaintiff qualifying questions about his age and whether he had serious health problems as part of an attempt to sell health insurance. Plaintiff was not interested so he terminated the call.

33.     On September 21, 2022, Plaintiff received a call from telephone number 334-423-6175; Plaintiff rejected the call.

34.     On September 22, 2022, Plaintiff received a call from telephone number 334-423-6508 which again began with a prerecorded message and artificial voice. Again, the voice claimed it was calling from "Senior Benefits" and asked Plaintiff qualifying questions as part of an attempt to sell health insurance. Plaintiff was not interested so he terminated the call.

35.     On September 28, 2022, Plaintiff received a call from telephone number 334-423-6259 which again began with a prerecorded message and artificial voice. Again, the voice claimed it was calling from "Senior Benefits" and asked Plaintiff qualifying questions as part of an attempt to sell health insurance. Plaintiff was not interested so he terminated the call.

36.     On September 30, 2022, Plaintiff received a call from telephone number 334-423-6171; Plaintiff missed this call.

37.     The same day, Plaintiff received another call from telephone number 334-423-6175 which again began with a prerecorded message and artificial voice. Again, the voice claimed it was calling from "Senior Benefits" and asked Plaintiff qualifying questions as part of an attempt to sell health insurance. This time, Plaintiff remained on the line to ascertain additional information

about the identity of the caller, and for no other purpose. After the prerecorded message, Plaintiff

was transferred to an agent who purported to be with a company called BAShealth.com. This agent

transferred Plaintiff to someone named Kevin M. Drake, who is Defendant's employee. Drake

explained to Plaintiff he was with Humana and that he would like to send Plaintiff information

about Humana insurance products and services. Plaintiff ended the call.

38.     On May 9, 2023, Plaintiff received a call from telephone number 225-208-4162

which again began with a prerecorded message and artificial voice. Plaintiff was ultimately

transferred to an agent who told Plaintiff they were with Humana. Plaintiff ended the call.

39.     Screen shots of the calls Plaintiff received are attached hereto at Exhibit A.

40.     Per the Insurance Agent Search feature on the Alabama Department of Insurance

website, Kevin M. Drake, National Producer No. 6520015, License No. 3000669084, is an active

insurance producer since October 2, 2019 with a business email "KDRAKE@HUMANA.COM."

A printout of this information is attached hereto at Exhibit B.

41.     Per the Department of Professional and Financial Regulation at the Bureau of

Insurance for the state of Maine, Kevin M. Drake, National Producer No. 6520015, is employed

by Humana Insurance Company since October 30, 2019. Drake's business email is again listed as

"kdrake@humana.com." A printout of this information is attached hereto at Exhibit C.

42.     The first six calls Plaintiff received purporting to be from "Senior Benefits" were

explicit solicitations by Defendant's agent regarding Defendant's insurance products and services

delivered by an artificial or prerecorded voice. Once Plaintiff was transferred, Defendant, through

the same agent that called initially or another agent purportedly with BASHealth.com, and

ultimately through Defendant's employee, Kevin M. Drake, further solicited Plaintiff regarding

Defendant's insurance products and services.

43. The seventh call Plaintiff received was also an explicit solicitation by Defendant and/or its agents regarding Defendant's insurance products and services by an artificial or prerecorded voice.

44. Plaintiff alleges Defendant should be held vicariously liable for the conduct of its agent(s), Senior Benefits/BASHealth.com, and directly liable for the conduct of its employee, Kevin M. Drake. Based on the business model of companies who engage in telemarketing for the purpose of gathering warm leads, such as the callers who initiated the calls to Plaintiff, a contract must exist between the original callers and Defendant. The only health insurance company mentioned on the calls Plaintiff received was Defendant. The individuals to whom Plaintiff was ultimately transferred held themselves out as persons authorized to market Defendant's products and services, or were in fact employed by Defendant. Defendant directly employed Drake at the time Plaintiff received these calls and Drake held himself out as a Humana employee to Plaintiff. At a minimum, Defendant accepts the transfers from third parties who are marketing and soliciting insurance policies and services on behalf of Defendant, thereby ratifying their conduct. A reasonable person would understand the third party initiating the calls would be doing so at the direction and with the authority of Defendant. Accordingly, the conduct of Defendant's agent(s) and employees gives the appearance of apparent authority, actual authority, and ratification.

45. Around the time of these messages, Plaintiff was not in the market for or researching health insurance products on the internet, in person, or otherwise. Plaintiff has had the same health insurance for over a decade: a Medicare plan administered by Blue Cross Blue Shield of Alabama. Plaintiff has never interacted with Defendant and its agents in any manner, other than through the receipt of the above telemarketing calls. Plaintiff did not consent to receiving these calls.

46.     Plaintiff and all members of the class defined below, have been harmed by the acts

of Defendant and its agents because their privacy has been violated and they were subjected to

annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's and

class members' telephone lines, used up their time, prevented them from receiving legitimate

communication, and interfered with their use of their telephones for legitimate purposes.

## CLASS ACTION ALLEGATIONS

47.     As authorized by Fed. R. Civ. P. 23(b)(2) or (b)(3), Plaintiff bring this action

seeking injunctive relief and money damages on behalf of himself and on behalf of all other

persons similarly situated throughout the United States.

48.     Plaintiff proposes the following "National Do-Not-Call Registry Class" definition,

subject to amendment as appropriate:

> **National Do-Not-Call Registry Class**: All persons in the United
> States (a) whose numbers are listed on the national do-not-call
> registry; (b) and who received two or more telemarketing calls/texts
> within any 12-month period from Defendant or its agents to their
> residential telephone number 31 or more days after the telephone
> number was listed on the national do-not-call registry; (c) at any
> time in the period that begins four years before the filing of the
> complaint in this action to the date that class notice is disseminated
> (the "Class Period").

49.     Plaintiff proposes the following "Prerecorded Call Class" definition, subject to

amendment as appropriate:

> **Prerecorded Call Class**: All persons in the United States who (a)
> received a non-emergency telephone call/text; (b) on his or her
> cellular telephone or residential telephone line; (c) from Defendant
> or its agents; (d) for whom Defendant had no record of the owner or
> subscriber of the telephone number providing the telephone number
> to Defendant or its agents for the purpose of making calls using an
> artificial or prerecorded voice; (e) and such phone call was made
> with the use of an artificial or prerecorded voice; (f) at any time
> during the Class Period.

50.     Plaintiff represents, and is a member of, the National Do-Not-Call Registry Class and the Prerecorded Call Class (collectively referred to as the "Classes"). Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any person who made a transaction with Defendant in the preceding 18 months before receiving a telemarketing call/text, any person who has executed a signed, written agreement between the person and Defendant which states that the person agrees to be contacted by Defendant and includes the telephone number to which the calls may be placed, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

51.     **Numerosity.** The potential members of the Classes likely number at least in the hundreds because of the *en masse* nature of telemarketing calls and text messages. Individual joinder of these persons is impracticable.

52.     **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, multiple involuntary telephone and electrical charges, the invasion of their privacy, aggravation, annoyance, waste of time, the intrusion on their telephone that occupied it from receiving legitimate communications, and violations of their statutory rights.

53.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

54.     The Classes, as defined above, are identifiable through telephone records and telephone number databases.

55.     There are well defined and nearly identical questions of law and fact common to Plaintiff and members of the Classes. The questions of law and fact involving the class claims

predominate over questions which may affect individual members of the proposed class. These common questions of law and fact include, but are not limited to, the following:

a.   Whether Defendant and/or its agents systematically made telephone calls using an artificial or prerecorded voice to members of the Prerecorded Call Class without their prior express consent;

b.   Whether Defendant's conduct and/or the conduct of its agents referenced in Paragraph 51(a) was knowing and/or willful;

c.   Whether Defendant and/or its agents are liable for damages as a result of the conduct referenced in Paragraph 51(a), and the amount of such damages;

d.   Whether Defendant and/or its agents should be enjoined from engaging in the conduct referenced in Paragraph 51(a) in the future.

e.   Whether Defendant and/or its agents systematically made multiple telemarketing telephone calls to members of the National Do-Not-Call Registry Class;

f.   Whether Defendant and/or its agents made the calls referenced in Paragraph 51(e) without first obtaining prior express written consent to make the calls;

g.   Whether Defendant's conduct and/or the conduct of its agents referenced in Paragraph 51(e) was knowing and/or willful;

h.   Whether Defendant and/or its agents are liable for damages as a result of the conduct referenced in Paragraph 51(e), and the amount of such damages; and

i.   Whether Defendant and/or its agents should be enjoined from engaging in the conduct referenced in Paragraph 51(e) in the future.

56.     **Typicality.** Plaintiff's claims are typical of the claims of the proposed class members because they arise out of the same common course of conduct by Defendant and/or its agents and are based on the same legal and remedial theories. Specifically, the proposed class members are all persons who received telemarketing calls on their telephones without their prior express written consent, or received calls using an artificial or prerecorded voice to deliver a message without prior consent. Plaintiff is a member of the Classes and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the proposed class members.

57.     **Adequacy of Representation.** Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

58.     **Superiority.** Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

59.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple

individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

60.     Defendant acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls and artificial or prerecorded calls made by Defendant and/or its agents on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227, *et seq.***
**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

61.     Plaintiff repeats his prior allegations of this Complaint from paragraphs 1-60 and incorporates them by reference herein.

62.     The foregoing acts and omissions of Defendant and/or its agents constitute numerous and multiple violations of the TCPA, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the proposed National Do-Not-Call Registry Class despite their numbers being on the national do-not-call registry in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

63.     Defendant's violations were willful or knowing.

64.     As a result of Defendant's violations, Plaintiff and members of the proposed National Do-Not-Call Registry Class are entitled to treble damages of up to $1,500 for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

65.     Plaintiff and the members of the proposed National Do-Not-Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its agents from making

telemarketing calls to telephone numbers registered on the national do-not-call registry, except for emergency purposes, in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

66.     Plaintiff and members of the proposed National Do-Not-Call Registry Class are also entitled to an award of attorneys' fees and costs.

<b><u>SECOND CAUSE OF ACTION</u></b><br><b>Violations of the TCPA, 47 U.S.C. § 227, <i>et seq.</i></b><br><b>(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)</b>

67.     Plaintiff repeats his prior allegations of this Complaint from paragraphs 1-60 and incorporates them by reference herein.

68.     The foregoing acts and omissions of Defendant and/or its agents constitute numerous and multiple violations of the TCPA, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the proposed National Do-Not-Call Registry Class despite their numbers being on the national do-not-call registry in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

69.     As a result of Defendant's violations, Plaintiff and members of the proposed National Do-Not-Call Registry Class are entitled to an award of $500 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

70.     Plaintiff and the members of the proposed National Do-Not-Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its agents from making telemarketing calls to telephone numbers registered on the national do-not-call registry, except for emergency purposes, in the future pursuant to 47 U.S.C. § 227(c)(5).

71.     Plaintiff and members of the proposed National Do-Not-Call Registry Class are also entitled to an award of attorneys' fees and costs.

14

**THIRD CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227, *et seq.***
**(On Behalf of Plaintiff and the Prerecorded Call Class)**

72.     Plaintiff repeats his prior allegations of this Complaint from paragraphs 1-60 and incorporates them by reference herein.

73.     The foregoing acts and omissions of Defendant and/or its agents constitute numerous and multiple violations of the TCPA, by initiating calls to Plaintiff and members of the proposed Prerecorded Call Class using an artificial or prerecorded voice without their prior express consent in violation of 47 U.S.C. § 227(b)(1)(B).

74.     Defendant's violations were willful or knowing.

75.     As a result of Defendant's violations, Plaintiff and members of the proposed Prerecorded Call Class are entitled to treble damages of up to $1,500.00 for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

76.     Plaintiff and members of the proposed Prerecorded Call Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its agents from such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

77.     Plaintiff and members of the proposed Prerecorded Call Class are also entitled to an award of attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227, *et seq.***
**(On Behalf of Plaintiff and the Prerecorded Call Class)**

78.     Plaintiff repeats his prior allegations of this Complaint from paragraphs 1-60 and incorporates them by reference herein.

79.     The foregoing acts and omissions of Defendant and/or its agents constitute numerous and multiple violations of the TCPA, by initiating calls to Plaintiff and members of the

proposed Prerecorded Call Class using an artificial or prerecorded voice without their prior express consent in violation of 47 U.S.C. § 227(b)(1)(B).

80.    As a result of Defendant's violations, Plaintiff and members of the proposed Prerecorded Call Class are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

81.    Plaintiff and members of the proposed Prerecorded Call Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its agents from such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

82.    Plaintiff and members of the proposed Prerecorded Call Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.    Certification of the proposed Classes;

B.    Appointment of Plaintiff as representative of the Classes;

C.    Appointment of undersigned counsel as counsel for the Classes;

D.    A declaration that Defendant's actions complained of herein violated the TCPA;

E.    An order enjoining Defendant from making telemarketing calls to numbers on the national do-not-call registry absent an emergency circumstance;

F.    An order enjoining Defendant from making artificial or prerecorded voice calls without express consent;

G.    An award of damages to Plaintiff and each member of the proposed National Do-Not-Call Registry Class, as allowed by law, including, but not limited to, treble damages of up to

$1,500 for each willful or knowing telemarketing call that violated the TCPA and up to $500 in

statutory damages for each telemarketing call that otherwise violated the TCPA;

H.      An award of damages to Plaintiff and each member of the proposed Prerecorded

Call Class, as allowed by law, including, but not limited to, treble damages of up to $1,500.00 for

each willful or knowing prerecorded call that violated the TCPA and $500 in statutory damages

for each prerecorded call that otherwise violated the TCPA;

I.      An award of attorney fees, expenses, and costs; and

J.      Orders granting such other and further relief as the Court deems necessary, just,

and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a jury trial on all issues so triable.

Dated: April 26, 2024                           Respectfully  submitted,

                                                SMITH KRIVOSHEY, PC

                                                By:*/s/ Aleksandr "Sasha" Litvinov*
                                                Aleksandr "Sasha" Litvinov (KY Bar No. 95598)
                                                867 Boylston Street 5th Floor #1520
                                                Boston, MA 02116
                                                Telephone: 617-377-7404
                                                Facsimile: (888) 410-0415
                                                E-Mail: sasha@skclassactions.com

                                                Yeremey O. Krivoshey (SBN 295032) (*pro hac vice*
                                                pending)
                                                166 Geary Str STE 1500-1507
                                                San Francisco, CA 94108
                                                Telephone: 415-839-7077
                                                Facsimile: (888) 410-0415
                                                E-Mail: yeremey@skclassactions.com

                                                *Attorneys for Plaintiff*
                                                *and the Proposed Classes*