UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00262-GNS

CARLTON HARRISON,
on behalf of herself and others similarly situated                                          PLAINTIFF

v.

HUMANA, INC.                                                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 21). The motion is ripe for adjudication.

### I.     BACKGROUND

Plaintiff Carlton Harrison ("Harrison") alleges that he received at least seven prerecorded messages from various phone numbers between September 2022 and May 2023. (Compl. ¶¶ 3, 31-39, DN 1; Compl. Ex. A, at 1-2, DN 1-1). Harrison claims that the calls were made for the purpose of selling the insurance products and services of Defendant Humana, Inc. ("Humana") despite his cellular phone number being on the national do-not-call registry. (Compl. ¶ 5). Based on the investigation of his counsel, Harrison contends that the calls were made by a third party acting pursuant to a contractual relationship with Humana to solicit its products and services. (Compl. ¶ 30). While some of the calls were not answered or were terminated after listening to a prerecorded message and artificial voice, one of the calls on September 30, 2022, was allegedly transferred to a person purportedly with an entity called BAShealth.com and then transferred to Kevin M. Drake, who is employed by Humana and who expressed interest in selling its products and services to Harrison. (Compl. ¶¶ 32-38, 40-41).

Harrison filed this action against Humana asserting claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, on her own behalf and on behalf of others. (Compl. ¶¶ 47-82). Humana has moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Def.'s Mot. Dismiss, DN 21).

## II.   DISCUSSION

Generally, threshold challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) should be decided before any ruling on the merits under Fed. R. Civ. P. 12(b)(6). *See Bell v. Hood*, 327 U.S. 678, 682 (1946). In most circumstances, a plaintiff bears the burden to survive Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. *See id.*

Challenges to subject matter jurisdiction come in several varieties. Facial attacks challenge a plaintiff's establishment of jurisdiction in the Complaint and require the Court to examine the jurisdictional basis. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted). Factual attacks contest the existence of factual prerequisites to jurisdiction. *See id.* In such motions, in contrast to motions under Fed. R. Civ. P. 12(b)(6), the Court is empowered to resolve the factual disputes affecting any jurisdictional prerequisites. *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). The plaintiff bears the burden in both these situations. *See Bell*, 327 U.S. at 682.

When considering a Fed. R. Civ. P. 12(b)(6) motion, a court "must construe the complaint in the light most favorable to [the plaintiff] . . . ." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted). A court must also accept all of a plaintiff's allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere "labels and conclusions, or a formulaic recitation of the elements of a cause of action's elements" are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, this standard is

satisfied when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

Under the TCPA, it is illegal for any person to: "(1) 'initiat[e] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party'; or (2) mak[e] live calls to residential telephone numbers that have been placed on the national do-not-call registry." *Lucas v. Telemarketer Calling from (407) 476-5680*, No. 18-3633, 2019 WL 3021233, at *5 (6th Cir. May 29, 2019) (citations omitted). The Federal Communications Commission ("FCC"), the federal agency responsible for implementing and enforcing the TCPA, has defined the term "telemarketer" to mean "the person or entity that initiates a [telemarketing] call . . . ." *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of Cal., Ill., N.C., & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 FCC Rcd. 6574, 6583 (2013). A call is initiated by a person "when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities . . . that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *Id.* at 6583. The FCC has further explained:

> For even when a seller does not "initiate" a call under the TCPA, . . . it may be held vicariously liable for certain third-party telemarketing calls. In particular, . . . the seller may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers. In this regard, . . . a seller may be liable for violations by its representatives under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification.

*Id.* at 6584; *see also* 47 U.S.C. § 227(5) (stating that there is a private cause of action for calls made in violation of the TPCA "by or on behalf of the same entity in violation of the regulations prescribed under this subsection").

### A.     Fed. R. Civ. P. 12(b)(1)

In its motion, Humana seeks dismissal of the TCPA claim because any alleged injury suffered by Harrison is not traceable to Humana. (Def.'s Mem. Supp. Mot. Dismiss 5-7, DN 21-1). Thus, Humana contends that Harrison lacks standing to assert the TCPA claim against it. (Def.'s Mem. Supp. Mot. Dismiss 5-7).

"To satisfy Article III's standing requirements, a plaintiff must show: "(1) [she] has suffered an 'injury-in-fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 581 (6th Cir. 2016) (internal quotation marks omitted). In the Complaint, Harrison has alleged claims based on the theory that the callers were acting as agents of Humana. (Compl. ¶¶ 62, 68, 73, 79).

In its motion, Humana disagrees with the allegations and instead argues that the callers were not its agents. (Def.'s Mem. Supp. Mot. Dismiss 5-7). That argument, however, goes to the merits of Harrison's claims against Humana. Because Harrison has stated colorable claims arising under the TPCA (as discussed below), this Court has standing to hear the matter and Humana may later challenge the sufficiency of the evidence supporting the TCPA claims. *See Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 442 (6th Cir. 2006) ("Questions of statutory standing and cause of action often merge. . . . Plaintiff alleges that he was an employee of the Defendant MTA when he became disabled. In fact, whether or not Plaintiff was an employee is

4

determinative in the suit. It is circular to argue that because the Court has determined that Plaintiff was not an employee, Plaintiff lacked standing to sue and that this Court therefore lacks jurisdiction. Rather, Plaintiff had a colorable claim that he was an employee and that he was therefore covered by the statute. Logic dictates that the federal courts be able to reach this question."); *see also In re Flint Water Cases*, 482 F. Supp. 3d 601, 615-16 (E.D. Mich. 2020) ("If the jurisdictional issue is intertwined with the underlying substantive merits of the case, such evidentiary decisions should await a determination of the case on the merits." (citing *Moore*, 458 F.3d at 442). Accordingly, Humana's motion is denied to the extent it seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1).

### B. Fed. R. Civ. P. 12(b)(6)

Humana also seeks dismissal of the Complaint because the pleading fails to state a claim under the TCPA. (Def.'s Mem. Supp. Mot. Dismiss 7-10). It contends that Harrison failed to allege that Humana is vicariously liable or directly liable for any calls made in violation of the TCPA. (Def.'s Mem. Supp. Mot. Dismiss 7-10). Harrison asserts, however, that Humana may be liable based on agency law[1] and points to this Court's recent decision in *Jewell v. Magnolia Bank, Inc.*, No. 3:23-CV-78-RGJ, 2024 WL 203972 (W.D. Ky. Jan. 17, 2024). (Pl.'s Resp. Def.'s Mot. Dismiss 2-10, DN 22). In addition, Harrison contends that he has alleged that at least one of the calls was made by Humana. (Pl.'s Resp. Def.'s Mot. Dismiss 10-11).

For purposes of the motion to dismiss, the Court must consider whether Harrison has alleged "factual content that allows the court to draw the reasonable inference that [Humana] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Explicit pleading of an agency relationship is not required. *See Eldridge v. Cabela's Inc.*, No. 3:16-CV-536-DJH, 2017 WL

---

[1] As reflected in the Complaint, all four of the TCPA claims are couched in terms of "[t]he foregoing acts and omissions of Defendants and/or its agents . . . ." (Compl. ¶¶ 62, 68, 73 79).

5

4364205, at *5 (W.D. Ky. Sept. 29, 2017). While Humana is critical of Harrison's allegations, it would otherwise be impossible for her to know of the alleged caller's relationship with Humana—if any—without discovery. *See Hodgin v. Parker Waichman LLP*, No. 3:14-CV-733-DJH, 2015 WL 13022289, at *2 (W.D. Ky. Sept. 30, 2015).

In *Jewell*, this Court considered whether a plaintiff had stated violations of the TCPA arising from calls allegedly made by a bank and its agents. *See Jewell*, 2024 WL 2023972, at *1. In denying the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court held that the plaintiff had stated TCPA claims based on direct liability and implied actual authority, but declined to consider whether those claims were supported based on theories of apparent authority or ratification. *See id.* at *4.

### 1. *Apparent Authority*

Harrison contends that he has stated a claim against Humana for vicarious liability based on apparent authority. As this Court explained, "[a]pparent authority exists when (1) the principal manifests that another is the principal's agent, and (2) it is reasonable for a third person dealing with the agent to believe the agent is authorized to act for the principal." *Jewell*, 2024 WL 203972, at *4 (citation omitted).

In this instance, Harrison alleges that "[t]he individuals to whom Plaintiff was ultimately transferred held themselves out as persons authorized to market Defendant's products and services, or were in fact employed by Defendant. Defendant directly employed Drake at the time Plaintiff received the calls and Drake held himself out as a Humana employee to Plaintiff." (Compl. ¶ 44). Harrison claims that during the call on September 30, 2022, she was transferred to an agent purportedly with BAShealth.com after the prerecorded message and was then transferred to Drake. (Compl. ¶ 37). Then on May 9, 2023, Harrison allegedly received another

call which began with a prerecorded message and was then transferred to a person who identified him- or herself as being with Humana. (Compl. ¶ 38). Construing the Complaint as a whole, these allegations reflect that the callers were holding themselves out as agents of Humana and, under the circumstances, it was reasonable for Harrison to believe that the callers were agents of Humana. Thus, the allegations are sufficient to state claim against Humana based on the theory of apparent authority, and the motion is denied on this basis.

### 2. *Actual Authority*

The parties also dispute whether Harrison has stated a claim against Humana based on actual authority. As this Court noted:

> "[A]n agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." A party may be held liable for the conduct of a third-party under a theory of actual authority where "(a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." Actual authority may be express or implied.

*Jewell*, 2024 WL 203972, at *4 (internal citations omitted) (citation omitted).

In *Jewell*, this Court recognized that it was unnecessary to address other theories of liability based on agency after finding that the allegations were sufficient to permit the TCPA claims to proceed based on one theory. *See Jewell*, 2024 WL 203972, at *4. Consistent with *Jewell*, it is unnecessary to consider whether Harrison has stated a claim based on actual liability.

### 3. *Ratification*

Humana also contends that Harrison has failed to state a claim based on ratification. (Def.'s Mem. Supp. Mot. Dismiss 9-10). As this Court has stated:

> "[R]atification occurs when an agent acts for the principal's benefit and the principal does not repudiate the agent's actions." "A principal can ratify an act by 'manifesting assent that the act shall affect the person's legal relations,' or by 'conduct that justifies a reasonable assumption that the person so consents.'" "A

person may ratify an act if the actor acted or purported to act as an agent on the person's behalf."

*Jewell*, 2024 WL 203972, at *4 (alteration in original) (internal citations omitted) (citation omitted). Because the TCPA claims are proceeding on the theory of apparent authority, it would be "similarly premature to draw any conclusion about ratification." *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1199 (M.D. Tenn. 2017).

### 4. *Direct Liability*

Finally, Humana seeks dismissal of the TCPA claims to the extent that Harrison bases her claims on direct liability. (Def.'s Mem. Supp. Dismiss 7). In it reply, Humana contends that Harrison may have conceded that she had not stated a direct claim. (Def.'s Reply Mot. Dismiss 6-7, DN 23). In her response, Harrison notes the lack of clarity in a paragraph of the Complaint and states:

> In paragraph no. 38 of his Complaint, Plaintiff alleges he "was ultimately transferred to an agent who told Plaintiff they were with Humana." Defendant interpreted this allegation to mean there were multiple transfers before Plaintiff finally spoke to the Humana representative. Undersigned counsel admits the allegation in paragraph no. 38 of the Complaint could have been drafted more clearly. For clarity, there was only one transfer during this call and the live agent identified himself or herself as an employee of Humana. Plaintiff cannot recall with certainty whether the live agent had a male or female voice and Plaintiff did not catch the agent's name.

(Pl.'s Resp. Def.'s Mot. Dismiss 11 n.2 (internal citations omitted)).

In determining whether there has been a violation of the TCPA, "the relevant question is a Defendant's purpose in initiating the calls, not what occurred on each call." *Jewell*, 2024 WL 203972, at *3 (quoting *Bennett v. GoDaddy.com LLC*, No. CV-03908-PHX-ROS, 2019 WL 155291, at *8 (D. Ariz. Mar. 15, 2019). "Where 'the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services,'

8

the TCPA has been violated, even if the call was not answered." *Id.* (quoting *Bennett*, 2019 WL 1552911, at *8).

In the Complaint, Harrison alleges that the call on May 9, 2023, which was purportedly made from the number 225-208-4162, began with a prerecorded voice and was then transferred to a person who identified him- or herself as being with Humana. (Compl. ¶ 38). Harrison has also alleged that the callers were marketing Humana's products and services. (Compl. ¶¶ 43-44). Taking these allegations as true, Harrison has stated a TCPA claim for at least one call directly initiated by Humana. The motion to dismiss is denied for this reason.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 21) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

November 19, 2024

cc: counsel of record